Baker, Judge.
Donald Anderson appeals his conviction for Battery by Bodily Waste, a Class B Misdemeanor.[1] He argues that the evidence supporting his conviction is insufficient and that there is a material variance between the charging information and the evidence presented at trial. Finding no material variance and that the evidence is sufficient, we affirm.
Facts
On May 4, 2016, Anderson was using a computer at a branch of the Indianapolis Public Library. He began arguing with another patron, whom he accused of looking over his shoulder at his computer screen. Laura Johnson, a security officer at the branch, intervened and told Anderson that disputes should be handled through her. Johnson escorted Anderson out of the building. When they reached the door, another patron, Kishawna Hicks, was entering. As Anderson passed by Hicks, he spit in her face.
On May 5, 2016, the State charged Anderson with battery by bodily waste, a Class B misdemeanor. A bench trial was held on August 17, 2016. At the trial, there' were some discrepancies regarding the name of the victim. Although the charging information correctly spelled Kishawna Hicks’s name, Johnson referred to her as “Tashanna.” Tr. p. 28. Anderson testified in his own defense, but repeatedly referred to the victim as “Ms. Ticks,” despite reading the correctly-spelled name off of the charging information. Id. at 38. Anderson proffered a somewhat unique theory of self-defense: “So, when I was about to pass Ms. Ticks, she lifted up so quickly like so rapidly and like had the most wickedness smile on her face ... like a jack-o-lantern smile.... I do admit the spitting or whatever, but ... I would like to claim that as self-defense.” Id. at 38-39. The trial court found Anderson guilty as charged and imposed a time-served sentence. Anderson now appeals.
Discussion and Decision
 Anderson argues that there is insufficient evidence supporting his conviction. He contends that the State failed at trial to prove the identity of his victim and that there is a material variance of proof between the charging information and the testimony presented at trial.
 When reviewing the sufficiency of the evidence supporting a conviction, we will neither reweigh the evidence nor assess witness credibility. Harbert v. State, 51 N.E.3d 267, 275 (Ind. Ct. App. 2016). We will consider only the evidence supporting the judgment and any reasonable inferences that may be drawn therefrom, and we will affirm if a reasonable trier of fact could have found the defendant guilty beyond a reasonable doubt. Id. Moreover, to successfully claim a variance between the charging information and the evidence at trial, a defendant must show that he *1214 was misled in the preparation and maintenance of his defense or that he will be vulnerable to double jeopardy in a future criminal proceeding covering the same events, facts, and evidence. Winn v. State, 748 N.E.2d 352, 356 (Ind. 2001).
To convict Anderson of class B misdemeanor battery by bodily waste, the State was required to prove beyond a reasonable doubt that Anderson knowingly or intentionally, in a rude, insolent, or angry manner, placed bodily fluid or waste on another person. I.C. § 35-42-2-1(c)(2). At trial, Anderson himself testified that he did exactly that, and his testimony was corroborated by the testimony of the library security officer. His argument that there is insufficient evidence fails.
 Nor was there a material variance between the charging information and the evidence presented at trial. Although Anderson testified that he spit at “Ms. Ticks,” he was reading the name off of the charging information, which correctly identified the victim. The security officer misstated a single syllable of the victim’s name. There is no indication that Anderson would or could have prepared a different defense had the officer said the victim’s name correctly, nor is there any possibility that Anderson will be charged and convicted of spitting at a “Tishawna Ticks” in the future. Therefore, Anderson’s argument regarding this minor discrepancy is unavailing,
The judgment of the trial court is affirmed.
Pyle, J., concurs.
Mathias, J., concurs with a separate opinion.

. Ind. Code § 35-42-2-1(c)(2).